The **PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff,**

v.

**Charlene E. DAVIS, and Edna L. Davis and husband, Vernon L. Davis, Defendants.**

**Civ. A. No. 4554.**

United States District Court
E. D. Texas,
Beaumont Division.

Jan. 29, 1963.

Quentin Keith, Keith, Mehaffy, Mc-Nicholas & Weber, Beaumont, Tex., for plaintiff.

Paul Owens, Sexton & Owens, Orange, Tex., Jim Vollers, Beaumont, Tex., for defendants.

FISHER, District Judge.

This is an interpleader cause of action filed by the Prudential Insurance Company of America, Plaintiff, against Charlene E. Davis and Edna L. Davis and husband, Vernon L. Davis, Defendants. Motions for summary judgment were filed by the defendants, which motions were considered along with the trial of the case on the merits.

On November 14, 1960, the plaintiff issued its certain policy of group life insurance upon the life of Glenn V. Davis for the sum of Nine Thousand ($9,-000.00) Dollars, which amount was increased to the sum of Eleven Thousand ($11,000.00) Dollars on April 1, 1961.

Under the terms and conditions of said policy, the plaintiff became obligated to pay to the designated beneficiary of the said insured, Glenn V. Davis, the face value of said policy, with the additional accidental death benefits equal to the face value of said policy.

The original beneficiary designated by the insured at the time of the issuance of said Certificate of Insurance was defendant, Charlene E. Davis, wife of insured.

On August 29, 1961, Glenn V. Davis executed a change of beneficiary of the life insurance policy and named his mother, Edna L. Davis as beneficiary.

The change of beneficiary was made on the same date, but subsequent to an order being entered by the District Court of Orange County, Texas, ordering Glenn V. Davis to pay to his wife, Charlene, the sum of Forty ($40.00) Dollars per week as alimony pendente lite.

Glenn V. Davis and Charlene E. Davis were married March 11, 1960. Edna L. Davis and Vernon L. Davis were the mother and father of Glenn V. Davis. On August 8, 1961, Charlene Davis filed suit for divorce and custody of their nine months old child. A temporary restraining order was issued August 11, 1961, restraining Glenn V. Davis from "disposing of, encumbering, dissipating, transferring, squandering or alienating all or any portion of the community estate existing between Plaintiff and Defendant."

On October 19, 1961, Glenn V. Davis was accidentally killed in an automobile accident. Upon application of defendant, Edna L. Davis, Prudential Insurance Company of America paid to her the sum of Eleven Thousand ($11,000.00) Dollars. Application was then made by defendants, Edna L. Davis and husband, Vernon L. Davis, for payment of the remaining sum of Eleven Thousand ($11-

000.00) Dollars, due under the double indemnity provision; also, claim was made to Prudential Insurance Company of America by Charlene E. Davis, through her attorneys, for the sum of Twenty-two Thousand ($22,000.00) Dollars; thereafter, the investigation by Prudential Insurance Company of America disclosed an accidental death, and this interpleader cause of action was brought by Prudential, depositing in the Registry of the Court of the sum of Eleven Thousand ($11,000.00) Dollars, due under the double indemnity provision of said policy, pleading that by reason of the conflicting claims, Prudential was forced to retain attorneys to file said cause of action in order to avoid double payment and vexacious litigation and praying for reasonable attorney's fees for services rendered.

This Court has the problem of deciding whether or not the action of the insured and deceased in changing the beneficiary of the policy, naming his mother, Edna L. Davis, was in defraud of legal rights according to his wife, Charlene E. Davis, original beneficiary. We do not believe a fraud was perpetrated on the wife by the change of beneficiary and therefore, find in favor of Edna L. Davis and husband, Vernon L. Davis, and against the former wife, Charlene E. Davis.

## FINDINGS OF FACT

1. Plaintiff, The Prudential Insurance Company of America, issued its certain policy of group life insurance upon the life of Glenn V. Davis, Policy No. G–1690, Certificate No. 455–58–2980, originally in the face value of Nine Thousand ($9,000.00) Dollars, but which was increased to the sum of Eleven Thousand ($11,000.00) Dollars on April 1, 1961. Under the terms and conditions of said policy, the plaintiff became bound and obligated to pay to the designated beneficiary of the said insured, Glenn V. Davis, the face value of said policy upon due proof of the death of said insured while the same was in force and effect, according to the face, tenor and effect thereof.

2. In addition thereto, under the terms and provisions of said policy, there was an additional accidental death benefit equal to the face amount of said policy payable to the designated beneficiary upon due proof of the accidental death of the insured in accordance with said policy provisions.

3. The original beneficiary designated by the insured at the time of the issuance of said certificate was the defendant, Charlene E. Davis, who was designated as "wife of the insured."

4. In accordance with the terms and conditions of said policy, the said insured, Glenn V. Davis, did, on or about August 29, 1961, change the designated beneficiary and did designate the defendant, Mrs. Edna L. Davis (wife of Vernon L. Davis) as beneficiary of said policy, designating the said new beneficiary as "mother" of the insured.

5. Acting in compliance with the terms of said policy, the plaintiff did duly cause a change of beneficiary to be made whereby the defendant, Charlene E. Davis, was eliminated as the beneficiary therein and the said Edna L. Davis was designated as beneficiary thereof.

6. On or about October 19, 1961, and at a time when said policy was in full force and effect, the said Glenn V. Davis, insured under said policy, died and in due course, his designated beneficiary, Mrs. Edna L. Davis, made due proof of loss and claimed the proceeds thereof.

7. Although having actual notice that Charlene E. Davis might assert a claim, the plaintiff was satisfied that the face amount of said policy was due and payable to the designated beneficiary, Mrs. Edna L. Davis, and Plaintiff did, on or about November 6, 1961, pay to the said Edna L. Davis the sum of Eleven Thousand ($11,000.00) Dollars, and withheld the payment of the additional accidental death benefits, pending an investigation into the circumstances surrounding the death of the said insured.

8. While the plaintiff was conducting an investigation to determine whether or not the death of the insured, Glenn V. Davis, was accidental, the defendant, Charlene E. Davis, acting by and through her attorneys, made demand upon Plaintiff for the payment of said sum of money due under said policy.

9. That the premiums on the policy of insurance were paid with community funds, to wit, deductions from wages of the insured and deceased, Glenn V. Davis.

10. That the change of beneficiary by Glenn V. Davis was done with the intent to deprive Charlene E. Davis of any benefits under said policy that might accrue in the future.

11. That the policy of insurance involved herein was "term insurance" and had no cash value at the time of the change of beneficiary or during the life of the insured, Glenn V. Davis.

12. That the insured, Glenn V. Davis, was not prohibited by the divorce proceeding, including restraining order pending in Orange County, Texas, from making a change of beneficiary.

## CONCLUSIONS OF LAW

1. That the change of beneficiary made by the insured and deceased, Glenn V. Davis, was done in compliance with the terms of said policy and said change of beneficiary did not constitute fraud upon the rights of wife, Charlene E. Davis.

2. That defendant, Edna L. Davis and husband, Vernon L. Davis, are entitled to the full proceeds due and payable under the policy of life insurance upon the life of their son, Glenn V. Davis.

3. That the Prudential Insurance Company of America was authorized and acted correctly in paying the Eleven Thousand ($11,000.00) Dollars face value of the policy to Edna L. Davis, the named beneficiary.

4. That the United States District Clerk for the Eastern District of Texas is authorized to pay the sum of Eleven Thousand ($11,000.00) Dollars, heretofore deposited into the Registry of this Court, less the amount of attorney's fees awarded to interpleader, The Prudential Insurance Company of America, and court costs adjudged against the defendants, Edna L. Davis and husband, Vernon L. Davis, to the said Edna L. Davis and husband, Vernon L. Davis.

5. That the law firm of Keith, Mehaffy, McNicholas and Weber of Beaumont, Texas, is awarded a fair and reasonable fee in the sum of One Thousand ($1,000.-00) Dollars for services rendered.